OPINION
{¶ 1} Appellee-appellant, Petsmart, Inc. ("Petsmart"), has filed a notice of appeal seeking to appeal from a notice of voluntary dismissal filed by appellant-appellee, Kevin *Page 2 
Williamson, as well as from a journal entry of the Franklin County Court of Common Pleas memorializing appellee's notice of dismissal.
 {¶ 2} On January 27, 2003, appellee suffered an injury while working for Petsmart. Appellee filed an application for benefits with the Bureau of Workers' Compensation ("bureau"), and a claim was allowed for the conditions of "lumbar contusion and lumbosacral sprain/strain."
 {¶ 3} On April 24, 2006, appellee filed a motion to additionally allow his claim for the condition of "HNP L5-S1." The matter came for hearing before the Industrial Commission of Ohio ("commission"), and a district hearing officer denied appellee's motion. A staff hearing officer ("SHO") heard the matter and allowed the claim for the condition of HNP L5-S1. The commission refused to consider Petsmart's appeal of the SHO's order, and Petsmart filed an appeal with the trial court pursuant to R.C. 4123.512(A). On November 27, 2006, pursuant to the dictates of R.C. 4123.512(D), appellee filed a complaint in the trial court requesting a judgment finding him entitled to participate in the Workers' Compensation Fund for the additional condition of HNP L5-S1.
 {¶ 4} On January 14, 2008, appellee filed a notice of voluntary dismissal without prejudice pursuant to Civ. R. 41(A). On January 16, 2008, the trial court filed a journal entry stating in part:
 Counsel notified the court that the within cause of action has been dismissed. Counsel shall prepare the appropriate entry for the court's approval within fifteen (15) days of the filing of this notice. Failure to file said entry may result in dismissal as for want of prosecution pursuant to Local Rule 25.03.
 If the parties are unable to submit an entry within 15 days, the parties shall notify the court, in writing, as to the cause of such delay so as to prevent dismissal. *Page 3 
 {¶ 5} On January 28, 2008, Petsmart filed a motion to strike appellee's notice of voluntary dismissal, asserting that dismissal was not permissible due to amendments enacted in 2006 to R.C. 4123.512. On February 11, 2008, Petsmart filed a notice of appeal from appellee's notice of voluntary dismissal, as well as from the trial court's journal entry of January 16, 2008, memorializing the notice of dismissal.
 {¶ 6} Petsmart raises the following single assignment of error for this court's review:
 ASSIGNMENT OF ERROR — The trial court erred in permitting Appellee Kevin Williamson to voluntarily dismiss his Complaint without prejudice without the consent of Appellant PetSmart, Inc.
 {¶ 7} Under its single assignment of error, Petsmart asserts that the trial court erred in allowing appellee to voluntarily dismiss his complaint without Petsmart's consent. Appellant notes that in 2006, the Ohio General Assembly, in enacting Am. Sub. S.B. No. 7 ("S.B. 7"), amended R.C. 4123.512(D) to provide that a "claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section." Petsmart maintains that, although appellee was injured in 2003, prior to the enactment of S.B. No. 7, the amendments to R.C. 4123.512(D) are procedural in nature, and that the General Assembly intended for the amendments to be given retroactive effect. Petsmart further argues that, because appellee's complaint was not filed until November 2006, amended R.C. 4123.512(D) was the controlling law at that time.
 {¶ 8} We note that, subsequent to oral argument in this case, appellee filed with this court a notice that "the underlying civil action which was pending before the *Page 4 
Franklin County Court of Common Pleas has now been refiled with the court and been assigned case number 09-CVD-01-175." On January 15, 2009, this court filed an entry requesting Petsmart to "show cause why this appeal should not be dismissed as moot, appellee having re-filed his complaint in the trial court."
 {¶ 9} In response to this court's show cause entry, Petsmart filed a supplemental brief in which it argued that the appeal was not moot because the underlying question remains as to whether appellee should be permitted to unilaterally dismiss and refile his case. Petsmart further argued that the instant action involves issues capable of repetition but which will continually evade review, and that until the correct interpretation of R.C. 4123.512(D) is settled, future cases could also be unilaterally dismissed.
 {¶ 10} Shortly after Petsmart filed its supplemental brief in the instant case, the Supreme Court of Ohio resolved the issue of whether the amendment to R.C. 4123.512(D), requiring consent of the employer before a claimant may voluntarily dismiss an employer's appeal to the trial court without prejudice, is retroactive or prospective. InThorton v. Montville Plastics Rubber, Inc., Slip Opinion No. 2009-Ohio-360, at ¶ 16, the Supreme Court held that, with the exception of division (H) of R.C. 4123.512, "Am. Sub. S.B. No. 7's provisions are to be applied only prospectively."
 {¶ 11} Under the facts of Thorton, the claimant (Thorton) was injured on June 27, 2005, and the bureau subsequently awarded him temporary total disability compensation. The employer appealed, and Thorton responded by filing a complaint in accordance with the requirements of R.C. 4123.512(D). While the case was pending, the General Assembly passed S.B. 7, amending R.C. 4123.512(D); those amendments became effective August 25, 2006. On October 19, 2006, Thorton filed a notice of voluntary *Page 5 
dismissal, pursuant to Civ. R. 41(A)(1)(a), and the trial court subsequently endorsed Thorton's notice of dismissal. The employer appealed the trial court's decision, and the court of appeals dismissed the appeal as untimely, finding that the trial court's endorsement of the notice of dismissal was a "nullity because the dismissal was self-executing, and the mere filing of the dismissal terminated the case without any action by the trial court." Id., at ¶ 10.
 {¶ 12} On further appeal, the Supreme Court of Ohio affirmed the court of appeals, but for different reasons. The Supreme Court initially recognized that S.B. 7 "ended an employee-claimant's unilateral ability to voluntarily dismiss the complaint in an appeal brought by an employer," and that R.C. 4123.512 now requires the employer to "consent to the dismissal." Id., at ¶ 14.
 {¶ 13} The Supreme Court of Ohio then addressed the issue of whether the amendments to R.C. 4123.512(D) are retroactive. The court observed that "the General Assembly included an uncodified provision stating its intent that, with one exception, all of the bill's amendments are prospective in effect." Id., at ¶ 15. The court further noted that Thorton's claim arose on the date of his injury, June 27, 2005, "over a year before S.B. 7's effective date." Id. Contrary to the employer's arguments, the Supreme Court held that "the General Assembly clearly intended that most of S.B. 7's provisions are to be applied only prospectively." Id., at ¶ 16. Having found the relevant amendments to be prospective, and further finding that Thorton's claim arose before S.B. 7 became effective on August 25, 2006, the court determined that former R.C. 4123.512(D) was the controlling law. As such, the claimant Thorton "could dismiss the appeal without prejudice under Civ. R. 41(A)(1)(a)." Id., at ¶ 24. Finally, the court held, "[b]ecause a *Page 6 
dismissal pursuant to Civ. R. 41(A)(1)(a) does not typically operate as an adjudication on the merits * * * a dismissal pursuant to that rule is not a final, appealable order." Id.
 {¶ 14} As previously noted, in the instant case, Petsmart argued that, although appellee was injured in 2003, the amendments to R.C. 4123.512(D) were procedural in nature, and because appellee's complaint was not filed until November 2006, after the effective date of S.B. 7, the amended version of R.C. 4123.512(D) was controlling. As indicated above, those arguments have been rejected by the Supreme Court of Ohio's recent decision in Thorton.
 {¶ 15} Based upon the authority of Thorton, the facts of the present case reflect that appellee was entitled to voluntarily dismiss Petsmart's appeal without prejudice. Accordingly, the instant appeal is hereby dismissed for lack of a final, appealable order.
Appeal dismissed.
 FRENCH, P.J., and McGRATH, J., concur. *Page 1